# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50319
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBIN LYNN VANCE GEER,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-16-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Robin Lynn Vance Geer challenges the statutory maximum 60-month sentence imposed following the fifth revocation of his supervised release. He contends: the district court imposed a retributive sentence based on impermissible sentencing factors; and his sentence is substantively unreasonable.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-50319

We review sentences imposed on revocation of supervised release under the plainly-unreasonable standard. *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018). Such a sentence's substantive reasonableness is subject to the same standards used to review whether an initial sentence is substantively reasonable. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (citing cases addressing an initial sentence in reviewing a revocation sentence). We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range" and afford "due deference to the district court's decision that the § 3553(a) [sentencing] factors, on a whole, justify the extent of the variance". *Gall v. United States*, 552 U.S. 38, 51 (2007).

"A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted). "[A] sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence". *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015) (citation omitted). Sentences imposed upon revocation of supervised release may not take into account the retributive objectives of 18 U.S.C. § 3553(a)(2)(A), *Sanchez*, 900 F.3d at 683–84 & n.3 (citations omitted), which consist of "the need for the sentence imposed . . . to reflect the seriousness of the [supervised-release violation], to promote respect for the law, and to provide just punishment for the [supervised-release violation]".

Geer's contention the court impermissibly considered 18 U.S.C. § 3553(a)(2)(A)'s factors is unfounded. The record demonstrates the court based the sentence on Geer's history and characteristics, the need for

deterrence, and his breach of the court's trust.   These are permissible considerations in a revocation hearing.  *See* 18 U.S.C. § 3583(e); § 3553(a)(1), (a)(2)(B); U.S.S.G. ch.7, pt. A, introductory cmt.

Regarding the substantive reasonableness of Geer's sentence, the court: considered Geer's request for a fair sentence in the light of his nonviolent violations of his supervised release; addressed the numerous revocations of his supervised release for drug use; discussed the fact he had been given the opportunity to participate in substance-abuse treatment; and heard his declaration he would not discontinue his drug use, even though his daughter was expecting a child.  Further, as stated above, the court considered relevant sentencing factors, including his personal history and characteristics and the need to deter him.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B).  Although Geer's 60-month sentence exceeded the recommended range of eight-14 months, it was within the statutory maximum.  *See id.* § 3583(e)(3).  "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Warren*, 720 F.3d at 332 (citations omitted).

AFFIRMED.